## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | | |
|---|---|---|
| **STRAGENT, LLC and SEESAW FOUNDATION,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 6:10-CV-244** |
| **LG ELECTRONICS MOBILECOMM U.S.A., INC., LG ELECTRONICS U.S.A., INC., LG ELECTRONICS INC., KYOCERA COMMUNICATIONS, INC., KYOCERA WIRELESS CORPORATION, KYOCERA INTERNATIONAL, INC., KYOCERA CORPORATION, PANASONIC CORPORATION OF NORTH AMERICA, PANASONIC CORPORATION, PANTECH WIRELESS, INC., PANTECH CO., LTD., SIEMENS CORPORATION, SIEMENS AG, and ZTE CORPORATION,** | § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendants LG Electronics MobileComm U.S.A., Inc., LG Electronics U.S.A., Inc., and LG Electronics Inc. (collectively "LG"); Kyocera Communications, Inc., Kyocera Wireless Corporation, Kyocera International, Inc., and Kyocera Corporation (collectively "Kyocera"); Panasonic Corporation of North America and Panasonic Corporation (collectively "Panasonic"); Pantech Wireless, Inc. and Pantech Co., Ltd.

(collectively "Pantech"); Siemens Corporation and Siemens AG (collectively "Siemens"); and ZTE Corporation ("ZTE"), as follows:

**PARTIES**

1.     Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.     Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw Children's Place, a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3.     On information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. is a California corporation having its principal place of business in San Diego, California.

4.     On information and belief, Defendant LG Electronics U.S.A., Inc. is a Delaware corporation having its principal place of business in Englewood Cliffs, New Jersey.

5.     On information and belief, Defendant LG Electronics Inc. is a Korean corporation having its principal place of business in Seoul, Korea.

6.     On information and belief, Defendant LG Electronics MobileComm U.S.A., Inc. and Defendant LG Electronics U.S.A., Inc. are each subsidiaries of Defendant LG Electronics, Inc.

7.     On information and belief, Defendant Kyocera Communications, Inc. is a Delaware corporation having its principal place of business in San Diego, California.

8.      On information and belief, Defendant Kyocera Wireless Corporation is a Delaware corporation having its principal place of business in San Diego, California.

9.      On information and belief, Defendant Kyocera International, Inc. is a California corporation having its principal place of business in San Diego, California.

10.     On information and belief, Defendant Kyocera Corporation is a Japanese corporation having its principal place of business in Kyoto, Japan.

11.     On information and belief, Defendant Kyocera Communications, Inc. and Defendant Kyocera Wireless Corporation are each wholly-owned subsidiaries of Defendant Kyocera International, Inc., which is the North American headquarters and holding company for Defendant Kyocera Corporation.

12.     On information and belief, Defendant Panasonic Corporation of North America is a Delaware corporation having its principal place of business in Secaucus, New Jersey.

13.     On information and belief, Defendant Panasonic Corporation is a Japanese corporation having its principal place of business in Osaka, Japan.

14.     On information and belief, Defendant Panasonic Corporation of North America is a subsidiary of Defendant Panasonic Corporation.

15.     On information and belief, Defendant Pantech Wireless, Inc. is a Georgia corporation having its principal place of business in Atlanta, Georgia.

16.     On information and belief, Defendant Pantech Co., Ltd. is a Korean corporation having its principal place of business in Seoul, Korea.

17.     On information and belief, Defendant Pantech Wireless, Inc. is a subsidiary of Defendant Pantech Co., Ltd.

18.     On information and belief, Defendant Siemens Corporation is a Delaware corporation having its principal place of business in New York, New York.

19.     On information and belief, Defendant Siemens AG is a German corporation having its principal place of business in Munich, Germany.

20.     On information and belief, Defendant Siemens Corporation is a subsidiary of Defendant Siemens AG.

21.     On information and belief, Defendant ZTE is a Chinese corporation having its principal place of business in Shenzhen, China.

## JURISDICTION AND VENUE

22.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).  On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

24.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## PATENT INFRINGEMENT

25.     Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,665,722 ("the '722 patent") entitled "Store-and-forward packet radio system and method." The '722 patent was duly and legally issued on December 16, 2003.  A true and correct copy of the '722 patent is attached as Exhibit A.

26.     Plaintiff Stragent is the exclusive licensee of the '722 patent, having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the '722 patent, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the '722 patent without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the '722 patent, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the '722 patent and pursuing and entering into any settlement related to a claim of infringement.

27.     On information and belief, Defendant LG has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. LG's infringements include, without limitation, making, using, offering for sale, selling, and/or importing communication devices, including without limitation at least the Banter, LG Mobile Skype, Rumor2, UX565B, and VX8360 models, and any other products that are made, used,

offered for sale, sold, and/or imported by LG that infringe one or more claims of the '722 patent. LG is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

28.   On information and belief, Defendant Kyocera has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Kyocera's infringements include, without limitation, making, using, offering for sale, selling, and/or importing communication devices, including without limitation at least the E3500, Neo 1100, TNT! S2400, Tomo S2410, and Wild Card SE models, and any other products that are made, used, offered for sale, sold, and/or imported by Kyocera that infringe one or more claims of the '722 patent.  Kyocera is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

29.   On information and belief, Defendant Panasonic has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Panasonic's infringements include, without limitation, making, using, offering for sale, selling, and/or importing communication devices, including without limitation at least the EBGU87 model, and any other products that are made, used, offered for sale, sold, and/or imported by Panasonic that infringe one or more claims of the '722 patent.  Panasonic is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

30.   On information and belief, Defendant Pantech has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States.  Pantech's infringements include, without limitation, making, using, offering for

sale, selling, and/or importing communication devices, including without limitation at least the C120 model, and any other products that are made, used, offered for sale, sold, and/or imported by Pantech that infringe one or more claims of the '722 patent. Pantech is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

31.     On information and belief, Defendant Siemens has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Siemens's infringements include, without limitation, making, using, offering for sale, selling, and/or importing communication devices, including without limitation at least the S66 model, and any other products that are made, used, offered for sale, sold, and/or imported by Siemens that infringe one or more claims of the '722 patent. Siemens is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

32.     On information and belief, Defendant ZTE has been and now is directly infringing, and/or inducing infringement by others, and/or contributing to the infringement by others of the '722 patent in the State of Texas, in this judicial district, and elsewhere in the United States. ZTE's infringements include, without limitation, making, using, offering for sale, selling, and/or importing communication devices, including without limitation at least the ZT586 model, and any other products that are made, used, offered for sale, sold, and/or imported by ZTE that infringe one or more claims of the '722 patent. ZTE is thus liable for infringement of the '722 patent pursuant to 35 U.S.C. § 271.

33.     As a result of Defendants' infringement of the '722 patent, Stragent and SeeSaw have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Stragent and SeeSaw request that this Court enter:

A.      A judgment in favor of Stragent and SeeSaw that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '722 patent;

B.      A judgment and order requiring Defendants to pay Stragent and SeeSaw their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '722 patent as provided under 35 U.S.C. § 284; and

C.      Any and all other relief to which the Court may deem Stragent and SeeSaw entitled.

## DEMAND FOR JURY TRIAL

Stragent and SeeSaw, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

_____
Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Adam A. Biggs
Texas Bar No. 24051753
aab@emafirm.com
Debra Coleman
Texas Bar No. 24059595
drc@emafirm.com
Matthew C. Harris
Texas Bar No. 24059904
mch@emafirm.com

ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

T. John Ward, Jr.
State Bar No. 00794818
jw@jwfirm.com
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Danny L. Williams
Texas Bar No. 21518050
danny@wmalaw.com
J. Mike Amerson
mike@wmalaw.com
Texas Bar No. 01150025
Jaison C. John
Texas State Bar No. 24002351
jjohn@wmalaw.com
Christopher N. Cravey
Texas Bar No. 24034398
ccravey@wmalaw.com
Matthew R. Rodgers
Texas Bar No. 24041802
mrodgers@wmalaw.com
Michael A. Benefield
Indiana Bar No. 24560-49
mbenefield@wmalaw.com
David Morehan
Texas Bar No. 24065790
dmorehan@wmalaw.com
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

***Attorneys for Stragent, LLC, and SeeSaw
Foundation***